UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS BENDER,

  Plaintiff,

v.         Case No. 8:17-cv-872-T-33TBM

GEICO GENERAL INSURANCE
COMPANY,

  Defendant.
_____/

## **ORDER**

  This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded for lack of subject-matter jurisdiction.

## **Discussion**

  The present action was removed to this Court on April 7, 2017, on the basis of diversity jurisdiction. (Doc. # 1). Although the action was originally filed in the Fort Myers Division of this District, it was transferred to the undersigned on April 12, 2017. (Doc. # 4).

  When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the

complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 20)(stating "[t]his is an action for damages in excessive of $15,000.00 exclusive of costs and interest"). In its Notice of Removal, Defendant GEICO General Insurance Company asserts the amount in controversy exceeds $75,000 because Bender seeks uninsured/underinsured motorist coverage in the amount of $20,000, intends to bring a bad-faith claim, which is not yet ripe, and may recover reasonable attorney's fees under section 627.428, Fla. Stat. (Doc. # 1). GEICO also attached the declaration of Kenneth M. Oliver, Esq., regarding the estimation of attorney's fees. The declaration states: "In the event that this matter is litigated through trial, the attorneys' fees incurred by Travis Bender, will, more likely than not, exceed $35,000." (Doc. # 1-1 at ¶ 10).

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). However, courts in this circuit are divided over whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal. Some courts have included estimated attorney's fees based on the likely cost of litigating through trial. See DO Rests., Inc. v. Aspen Specialty Ins. Co., 984 F. Supp. 2d 1342, 1345-47 (S.D. Fla. 2013)(including estimated future attorney's fees in the amount in controversy); Mirras v. Time Ins. Co., 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008)(finding that anticipated statutory attorney's fees were included in calculating amount in controversy and the attorney's fees in that insurance breach of contract case would likely reach over $28,000, the minimum needed to surpass $75,000, when combined with compensatory damages).

But, many other courts have held that only attorney's fees accrued up to the time of removal are included in calculating the amount in controversy. Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3,

2016)(citing Bragg v. Suntrust Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *3 (M.D. Fla. Mar. 4, 2016); Keller v. Jasper Contractors, Inc., No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015); Frisher v. Lincoln Benefit Life Co., No. 13-20268-CIV, 2013 WL 12092525, at *5 (S.D. Fla. Aug. 19, 2013); Lott & Friedland, P.A. v. Creative Compounds, LLC, No. 10-20052-CIV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010); Rogatinsky v. Metro. Life Ins. Co., No. 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009); Waltemyer v. Nw. Mut. Life Ins. Co., No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *1-2 (M.D. Fla. Feb. 2, 2007)). This Court considers the approach taken in Miller Chiropractic correct and sees "no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal," to include a highly speculative amount of attorney's fees estimated through trial. Waltemyer, 2007 WL 419663, at *1-2; see also Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998). For jurisdictional purposes, the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal.

The declaration submitted by GEICO does not provide an estimate for the amount of attorney's fees that have been

incurred by Bender at the time of removal. Rather, GEICO only provides information about the projected total amount of attorney's fees through trial based on the declarant's experience. (Doc. # 1-1 at ¶ 10). Therefore, GEICO has not proven by a preponderance of the evidence that the amount-in-controversy requirement has been met.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is remanded for lack of subject-matter jurisdiction.

(2) After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of April, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE